UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CONSTANTINE THOMPSON and<br>TINA DADO, individually and on behalf of<br>all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>SPEEDWAY SUPERAMERICA LLC;<br>MARATHON PETROLEUM COMPANY<br>LLC; and MARATHON OIL<br>CORPORATION,<br><br>                    Defendants. | Case No. 08-CV-1107 (PJS/RLE)<br><br><br>ORDER ADOPTING REPORT AND<br>RECOMMENDATION |

This matter is before the Court on plaintiffs' objection to Chief Magistrate Judge Raymond L. Erickson's August 21, 2008 Report and Recommendation ("R&R"). Judge Erickson recommends denying plaintiffs' motion for conditional certification of a collective action. The Court has conducted a de novo review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and has also considered plaintiffs' request for oral argument. Based on that review, the Court adopts Judge Erickson's R&R and finds that oral argument is unnecessary.

Plaintiffs, who were formerly employed at defendants' convenience stores, bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and state law alleging that defendants failed to pay them for all of the hours that they worked. The complaint alleges that plaintiffs were not compensated for a wide range of tasks, including answering work-related phone calls when they were not at work, performing surveys of the prices that competitors were charging for gasoline, and "filling in for absent employees, assisting with staffing needs, completing paperwork, cleaning, and running errands for Speedway." Compl.

¶ 16. Plaintiffs further allege that they were "also required to work through mandatory meal and rest breaks without compensation . . . ." *Id.*

A plaintiff who seeks conditional certification of a collective action against an employer must do more than show that some employees were paid less than the FLSA required. Defendant Speedway SuperAmerica ("SSA") employs thousands of workers in 1600 stores scattered throughout nine states. In just about any organization as large and diffuse as SSA, mistakes will occasionally be made, and employees will occasionally not receive compensation to which they are entitled under the FLSA. When that occurs, those employees can sue and recover the wages that they are owed. But to go further and receive conditional certification of a large nationwide class, those employees must "come forward with evidence establishing a colorable basis for their claim that the putative class members were together the victims of a single decision, policy, or plan." *West v. Border Foods, Inc.*, No. 05-2525, 2006 WL 1892527, at *2 (D. Minn. July 10, 2006) (citation and quotations omitted). It is not sufficient for plaintiffs simply to allege that "a single decision, policy, or plan" has injured all members of the putative class; instead, "plaintiffs must show that there is some factual basis beyond the mere averments in their complaint for the class allegations." *Id.* (citation and quotations omitted).

Although the complaint in this case is drafted very broadly, plaintiffs focus on the alleged failure of SSA to pay for two specific tasks: answering work-related phone calls and performing gas-price surveys.[1] The Court agrees with Judge Erickson that conditional certification should

---

[1]Judge Erickson said the following with respect to plaintiffs' other allegations:

> In addition, we note that the Plaintiffs have alleged that they were required to perform a number of other tasks "off the clock," beyond conducting gasoline price surveys and answering

be denied. It is undisputed that SSA maintains a formal policy that requires "that all hourly associates be paid for all time spent working, scheduled or non-scheduled, on behalf of Speedway SuperAmerica LLC." Voss Aff. Ex. D at 2, 5, 8, 10, 12. The policy specifically requires that "all hourly associates called at home by the Store to discuss a work-related matter[] must be paid for the time spent working at home." Voss Aff. Ex. D at 2, 5, 8, 10, 12. The policy further specifically requires that "[i]n the event that gas price surveys are conducted by hourly management personnel outside of their scheduled shift, they must submit time for reimbursement." Voss Aff. Ex. D at 14, 16, 18, 19. In other words, the only formal policies regarding answering work-related phone calls and performing gas-price surveys require that members of the putative class be *paid* for those activities.

Plaintiffs have submitted evidence that a handful of employees were not compensated for answering work-related phone calls or performing gas-price surveys (just as SSA has submitted evidence that other employees were compensated for these activities). As noted, though, this is not sufficient to merit conditional certification of a collective action. Instead, plaintiffs must submit evidence that the *reason* why the employees were not compensated for these tasks is not

---

> telephone calls, on an irregular basis. . . . Given that each Plaintiff alleges a unique set of tasks, which were irregularly performed, we find those allegations further evidence that this case is inappropriate for certification, and would be wholly unmanageable.

R&R at 24 n.5.

Plaintiffs have no real answer to Judge Erickson's concerns. They neither express a willingness to dismiss the claims that are not related to answering phone calls or surveying gas prices, nor suggest any realistic way of trying those claims on a class-wide basis. The Court thus agrees with Judge Erickson.

because of human error or a rogue store manager, but because of a corporate decision to ignore SSA's published policies and refuse to pay for answering work-related phone calls or performing gas-price surveys. The Court agrees with Judge Erickson that, for several reasons, plaintiffs have failed to establish a colorable basis that such a policy-to-violate-the-policy exists.

In objecting to Judge Erickson's R&R, plaintiffs spend much time setting up and knocking down straw men. Plaintiffs are particularly apt to take one of the many factors that Judge Erickson considered, characterize Judge Erickson as holding that the presence or absence of the particular factor would *always* defeat an attempt to conditionally certify a collective action, and then complain that Judge Erickson's "holding" was inconsistent with the case law and would mean the end of wage-and-hour litigation.

To cite one example: Judge Erickson based his recommendation in part on the fact that, at best, plaintiffs' evidence establishes that a tiny fraction — considerably less than one percent — of the putative class was not paid for answering work-related phone calls and performing gas-price surveys. Plaintiffs complain that Judge Erickson imposed an "Unprecedented Requirement of 'Numeric Substantiality'" (to quote a heading from their brief) — a requirement that "would require class members to somehow learn of the litigation and opt-in *en masse* as a prerequisite to court-facilitated notice." Plfs.' Obj. 6-7. Judge Erickson did no such thing. Instead, Judge Erickson made the common-sense observation that if SSA had really made a corporate decision to refuse to pay about 8,000 putative class members for answering work-related phone calls and performing gas-price surveys — after assuring their employees in published corporate policies that they would be paid for such activities — then one would expect that more than a handful of those 8,000 putative class members would complain of being cheated by SSA. Judge Erickson

made the equally common-sense point that because those complaints come from such a tiny fraction of the putative class, they are very weak evidence of the existence of a nationwide corporate policy.

Similarly, plaintiffs complain that Judge Erickson erroneously imposed an impossible burden when he observed that plaintiffs do not allege the existence of an identical, regularly scheduled task that is always uncompensated. Again, the point is not that FLSA plaintiffs must always be identically situated. The point is that proof of an identical, regularly scheduled task that is always uncompensated would suggest the existence of a corporate policy. As plaintiffs lack such evidence, they must look elsewhere to support their allegations.

Plaintiffs point to two other pieces of evidence in support of a corporate policy. First, plaintiffs cite a 2003 statement by SSA's human-resources director, quoted in a Department of Labor compliance-action report, stating that Speedway has "changed corporate policy by eliminating the Gas Surveys to all Assistant Managers." Nauen Aff. Ex. 2 at 7. Plaintiffs argue that this statement is persuasive evidence that a central corporate policy related to gas-price surveys exists. But there is no dispute that a central corporate policy related to gas-price surveys exists. The policy is quoted above, and it requires that employees be *paid* for conducting gas-price surveys. The 2003 statement provides no evidence that SSA has made a corporate decision not to comply with its own policy, especially given that this statement was made in the context of an investigation of a single store that took place five years ago, and given that the corporate official who made this statement also insisted at the same time that the alleged violations did *not* reflect a corporate policy to deny payment for conducting gas-price surveys. This single

sentence — isolated, ambiguous, and five years old — is much too thin a reed to support a conditional collective action.

Second, plaintiffs argue that they have offered direct evidence of a central policy in the declaration of Josh Fields, a former Speedway store manager. Fields states that, in accordance with Speedway's normal practice, a district manager informed him of the number of authorized labor hours he had to operate his store. Fields Decl. ¶ 5. (As all sides agree, defendants have a method of calculating the number of authorized hours for each store.) According to Fields, the authorized hours were calculated to include employees' regular shifts, but did not include the work that took place outside the store, as well as work that employees would perform before and after their shifts while in the store. Fields Decl. ¶ 5. Thus, plaintiffs claim, it is defendants' corporate policy to exclude time spent on tasks outside the store from their calculations of authorized hours.[2] Again, however, this evidence relates to only one of SSA's 1600 stores; it does not provide a colorable basis for the existence of a central corporate policy, particularly in light of the evidence that SSA has submitted that the labor-hour "budget" for each store includes overtime.

In sum, although plaintiffs have submitted evidence that a tiny fraction of the 8,000 members of the putative class may not have received some of the compensation that they were due under the FLSA and under SSA's own published policies, plaintiffs have not established a

---

[2] Defendants argue that plaintiffs failed to raise this argument in their briefing before Judge Erickson, and move to supplement the record with an affidavit to address this purportedly new argument. Defendants are incorrect: plaintiffs squarely raised this argument in their moving memorandum submitted to Judge Erickson. *See* Docket No. 29 at 5 ("The authorized hours are calculated to include labor hours necessary to physically staff the store, but not to include work such as gas price surveys and phone calls that happen away from the store."). The Court therefore denies defendants' motion to supplement the record.

colorable basis for their claim that SSA implemented a corporate decision to ignore its published policies and refuse to compensate assistant managers, shift leaders, and co-managers for answering work-related phone calls at home and for performing gas-price surveys.  The Court therefore adopts the R&R and denies plaintiffs' motion.

## ORDER

Based on all of the files, records, and proceedings herein, the Court ADOPTS the August 21, 2008 R&R [Docket No. 49].  IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for certification of collective action and to permit court-supervised notice [Docket No. 22] is DENIED.

2. Defendants' motion for leave to supplement the evidentiary record [Docket No. 54] is DENIED.


Dated:  January 20, 2009                     s/Patrick J. Schiltz
                                             Patrick J. Schiltz
                                             United States District Judge