UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CONSTANTINE THOMPSON and TINA DADO, individually and on behalf of all others similarly situated, | Case No. 08-CV-1107 (PJS/RLE) |
| Plaintiffs, | |
| v. | ORDER ON MOTION FOR ATTORNEY'S FEES |
| SPEEDWAY SUPERAMERICA LLC; MARATHON PETROLEUM COMPANY LLC; and MARATHON OIL CORPORATION, | |
| Defendants. | |

Charles N. Nauen and David D. Leishman, LOCKRIDGE GRINDAL NAUEN P.L.L.P.; Jonathan W. Cuneo, Jon A. Tostrud, and R. Brent Walton, CUNEO GILBERT & LADUCA, LLP; James B. Zouras and Ryan F. Stephan, STEPHAN ZOURAS, LLP, for plaintiffs.

Marko J. Mrkonich, Andrew J. Voss, Stephanie D. Sarantopoulos, and Reagan W. Oden, LITTLER MENDELSON, P.C., for defendants.

Plaintiffs filed this action on April 21, 2008, seeking unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and similar state laws. After defendants answered the complaint, the parties engaged in some written discovery, and defendants deposed the two named plaintiffs. Plaintiffs then moved for conditional certification of a collective action. Plaintiffs' motion was denied, *Thompson v. Speedway SuperAmerica LLC*, No. 08-CV-1107 (PJS/RLE), 2009 WL 130069 (D. Minn. Jan. 20, 2009), and the parties settled the case.

This matter is now before the Court on plaintiffs' motion for attorney's fees in the amount of $120,762.50 and costs in the amount of $1,468.68. Plaintiffs bring their motion

pursuant to 29 U.S.C. § 216(b), which requires that the court, "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

The parties agree that plaintiffs are not entitled to recover the fees and costs attributable to their unsuccessful attempt to certify a collective action. At the same time, the parties agree that plaintiffs are entitled to recover the fees and costs that were reasonably incurred in pursuing the individual claims of plaintiffs Constantine Thompson and Tina Dado. The parties dispute only whether the amount of fees claimed by plaintiffs is, in fact, reasonable. The Court agrees with defendants that it is not.

From its inception, this litigation has been animated by the desire of plaintiffs to certify a nationwide class action. Plaintiffs have never made any secret of their strategy. After all, this litigation was commenced with the filing of a nineteen-page pleading entitled "Collective and Class Action Complaint" — a pleading that was largely devoted to class allegations and that was signed by seven lawyers from law firms located in Minneapolis, Chicago, Los Angeles, and Washington, D.C. Following the filing of the complaint, the focus of plaintiffs was clearly on the make-or-break question of whether a collective action would be conditionally certified.

The difficult task of this Court is to separate the time devoted to the unsuccessful pursuit of a class action from the time devoted to the successful pursuit of the individual claims of Thompson and Dado. Those individual claims were modest, plain-vanilla, FLSA overtime claims. To prevail on their claims, Thompson and Dado had to prove merely that (1) they worked overtime; (2) their employer knew or should have known that they worked overtime; and

(3) their employer did not compensate them for the overtime that they worked.  *See Hertz v. Woodbury County, Iowa*, 566 F.3d 775, 781 (8th Cir. 2009).

The Court appreciates that plaintiffs have made some effort to separate time devoted to their unsuccessful pursuit of the collective action from time devoted to their successful pursuit of the individual claims.  But the Court has difficulty understanding how plaintiffs could have reasonably incurred $120,762.50 in attorney's fees litigating only the individual claims, especially when the compensable time includes little more than drafting a complaint, exchanging written discovery, defending two relatively brief depositions, and engaging in settlement negotiations.  This Court has awarded less in fees — sometimes far less in fees — in cases in which the parties have engaged in far more extensive pretrial activities, including briefing and arguing summary-judgment motions.  *See, e.g.*, *Winthrop Resources Corp. v. Sabert Corp.*, No. 07-1735 (D. Minn. July 21, 2008) (granting plaintiff's unopposed motion for  $116,861.58 in fees and costs after plaintiff won summary judgment in its favor);  *Larson v. Astrue*, No. 06-1734, 2008 WL 2705494, at *3 (D. Minn. July 9, 2008) (awarding $7,822.80 in fees after the court denied the parties' cross-motions for summary judgment and remanded the case to the Commissioner of Social Security for further administrative proceedings); *Olson v. Messerli & Kramer, P.A.*, No. 07-439, 2008 WL 1699605, at *5 (D. Minn. Apr. 9, 2008) (awarding $36,795.79 in fees and costs after plaintiff successfully opposed summary judgment and the parties settled).

Given the nature of plaintiffs' claims, the narrow scope of compensable discovery, the absence of compensable motions practice, and the fact that the case settled fairly early in the litigation process, $120,762.50 is not a reasonable fee request.  Clearly, counsel were not

successful in squeezing out of their fee request all of the time devoted to the "collective" elements of this action. Consider the following:

1. As noted, plaintiffs retained seven lawyers from three different law firms located in four different cities. This is vast overkill for a case involving two plaintiffs pursuing modest FLSA overtime claims. Indeed, counsel incurred a significant amount of time simply communicating with one another. Much of this time would not have been incurred had the case been staffed from the beginning by one or two lawyers — the level of staffing that would have been appropriate for a straightforward FLSA overtime case. *See A.J. by L.B. v. Kierst*, 56 F.3d 849, 864 (8th Cir. 1995) ("A court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used.").

2. By the time they filed their complaint in April 2008, plaintiffs had already incurred a striking $28,000 in fees. Tellingly, as the Court has pointed out, the nineteen-page complaint consists mostly of class-related allegations. Had plaintiffs pursued only their individual claims, they would have incurred only a small fraction of $28,000 in fees before filing a complaint, and the complaint would have been much shorter and much more limited in scope.

3. Plaintiffs seek compensation for a substantial amount of time that they spent discovering companywide training materials, policies, systems, and processes. Plaintiffs argue that this discovery was necessary both to establish that defendants' violations were willful and to overcome defendant's argument that plaintiffs violated company policy by failing to record all hours worked. While the former is certainly relevant to plaintiffs' individual claims, the latter is not: "[T]he fact that [an employee] did not seek overtime pay is irrelevant because [employees] cannot waive [their] entitlement to FLSA benefits." *Reich v. Stewart*, 121 F.3d 400, 407 (8th

Cir. 1997). Moreover, the Court very much doubts that plaintiffs would have conducted so much

discovery into defendants' companywide policies if they had been litigating only their individual

claims. It is far more likely that this discovery was conducted for the primary purpose of

pursuing class certification.

In addition to being inflated by the issue of certification, the fee request is also inflated by

the fact that plaintiffs request $300 per hour for attorney David Leishman, who billed a

substantial amount of time on this case.[1] Leishman graduated from law school in 2006 and

served as a judicial law clerk until 2007; at the time that plaintiffs filed their complaint, he had

been practicing law for less than a year. The Court agrees with defendants that $175 is a much

more reasonable hourly rate for an attorney with that level of experience. *See Eisenrich v. Mpls.*

*Retail Meat Cutters & Food Handlers Pension Plan*, No. 07-1845, 2008 WL 1944887, at *3 (D.

Minn. May 1, 2008) (finding $150 per hour to be a reasonable rate for an attorney with a

comparable amount of experience), *reversed in part on other grounds*, 2009 WL 2341820 (8th

Cir. July 31, 2009); *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir.2005) ("[District] courts

may draw on their own experience and knowledge of prevailing market rates.").

The Court will therefore reduce plaintiffs' requested fee award as follows: Leishman's

hourly fee is reduced to $175, which results in an adjusted fee request of $107,668.75. The Court

further applies a 50% reduction to that amount, for a final fee of $53,834.38. The Court applies a

percentage reduction because, while the overall fee request is unquestionably and substantially

inflated by time devoted to pursuing certification, it is not possible for the Court to determine the

---

[1]Defendants contend that Leishman billed 245 hours, but they fail to account for the entries that plaintiffs excluded as related to certification. According to the Court's calculations, plaintiffs request compensation for 104.75 hours billed by Leishman.

precise extent to which each individual time entry is inflated. The Court believes that $53,834.38

represents a reasonable overall fee in a case involving straightforward FLSA overtime claims that

are settled relatively early, after modest discovery and without motions practice. As to plaintiffs'

claimed expenses, the Court has reviewed plaintiffs' submissions and finds that they are

reasonable.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY ORDERED that:

1.      Plaintiffs' motion for attorney's fees [Docket No. 65] is GRANTED IN PART.

2.      Plaintiffs shall recover $53,834.38 in attorney's fees and $1,468.68 in expenses

        from defendants.


Dated:  September 15, 2009                    s/Patrick J. Schiltz
                                              Patrick J. Schiltz
                                              United States District Judge